# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHARLES WELCH,

      Plaintiff,

      v.

CARRINGTON MORTGAGE SERVICES, LLC, et al.,

      Defendants.

Case No. 19-CV-1043-JWB-TJJ

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Designation of Place of Trial as Wichita, Kansas (ECF No. 13). Plaintiff filed this action in Sedgwick County, Kansas on January 14, 2019. Defendants Wilmington Savings Fund Society FSB as Trustee of the Stanwich Mortgage Loan Trust A ("Wilmington") and Carrington Mortgage Services, LLC ("Carrington") removed the case to this Court on February 25, 2019. In their notice of removal, Wilmington and Carrington designated Kansas City, Kansas as the location and place of trial.[1]

Plaintiff filed his motion to designate the place of trial as Wichita, Kansas on March 6, 2019. No defendant has filed any response to the motion, and the deadline to respond pursuant to D. Kan. Rule 6.1(d)(1) has passed. "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[2] However, the Court has considered Plaintiff's request on its merits and, for the reasons explained below, finds his motion should be granted.

---

[1] ECF No. 1 at 8.

[2] D. Kan. Rule 7.4(b).

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[3] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[4] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[5] The moving party carries the burden to show the Court that the current location is inconvenient.[6] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer.[7]

The city of Wichita is the county seat of Sedgwick County, Kansas. In this case, Plaintiff filed his state court petition in Sedgwick County, Kansas, thereby choosing Wichita as his preferred place for trial. Upon removal, Defendants designated Kansas City as the place of trial. But, it is unclear on what basis Defendants believe Kansas City is a more appropriate venue than Wichita. The case is a quiet title action with additional claims related to the mortgage and

---

[3] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[4] 28 U.S.C. § 1404(a).

[5] *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (Aug. 27, 2015) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991)).

[6] *Id.*

[7] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014). (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

transactions associated with the purchase of two parcels of real property, both located in Wichita.[8] Plaintiff is a resident of Sedgwick County. Wilmington is a citizen of the state of Delaware.[9] Carrington is a Delaware limited liability company with its principal place of business in Connecticut.[10] Thus, there appears to be no connection between this case and Kansas City, and Defendants have not responded to the present motion with any information to establish a connection to Kansas City.

Considering convenience of witnesses and accessibility of witnesses and other sources of proof, Wichita is a more convenient forum than Kansas City. As discussed previously, the properties at issue in this case are in Wichita and Plaintiff is a resident of Sedgwick County. None of the defendants are citizens of Kansas.[11] Plaintiff clearly resides more closely to the Wichita courthouse than the Kansas City courthouse and witnesses with knowledge of the real properties that are the subject of the case are likely to reside in the Wichita vicinity. Defendants have not responded with evidence that any witnesses or other sources of evidence are in Kansas City.

Finally, although Plaintiff does not suggest he cannot obtain a fair trial in Kansas City, all other considerations of economy and convenience weigh in favor of transferring venue to Wichita for the trial. At this time it does not appear to the Court that there is any connection between this case and Kansas City. Accordingly, Kansas City appears to be "an inconvenient

---

[8] ECF No. 1 at 2, ¶ 7.

[9] *Id.* at 4, ¶ 12.

[10] *Id.* at 5, ¶ 13.

[11] *See id.* at 6, ¶ 18.

venue."[12] Therefore, the Court grants Plaintiff's motion and designates the place of trial as Wichita, Kansas.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Designation of Place of Trial as Wichita, Kansas (ECF No. 13) is granted. The place of trial in this case will be in Wichita, Kansas.

**IT IS SO ORDERED.**

Dated March 26, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[12] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014).